IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 29 2004 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EDITH JONES, et al., )
Plaintiffs, ) No. 96 C 7717
) Judge Kennelly
v. )
)
R.R. DONNELLEY & SONS, )
)
Defendant. )

DOCKETED
NOV 30 2004

PETITION FOR INCENTIVE AWARDS

NOW COME the Plaintiffs, by and through their attorneys, and ask for an incentive award for certain Plaintiffs in this case, for the following reasons:

**A. Introduction**

Plaintiffs seek an incentive award for eleven plaintiffs and class members who performed substantial services for the benefit of the class, pursuant to Section B(2)(e) of the parties' settlement agreement. Plaintiffs seek an award of $50,000 for Christine Nicholson, Richard Mebane, and Thelma Townsend; an award of $25,000 for Edith Bowles; an award of $12,500 for Charles Collier and Tom Griffin; an award of $10,000 for Louis Jefferson, Harold Smith, Fannie Mason, and Ertha Haynes; and $5,000 for Tanya Regulus. Almost all of these Plaintiffs have been actively involved in this case since the very beginning ten years ago, when they were terminated as a part of the shutdown of the Chicago Manufacturing Division. As a result of their efforts, a substantial settlement was achieved on behalf of the Plaintiff class. They are therefore entitled to incentive awards under settled case law regarding class action settlements.

323

The Plaintiffs for which incentive awards are sought are all long term employees of R.R. Donnelley who had much valuable information and assistance to provide to Plaintiffs' counsel. Mr. Smith had been with the company for 40 years; Ms. Townsend for 38 years; Mr. Jefferson and Ms. Haynes for 36 years; Mr. Griffin, Mr. Jefferson and Mr. Collier for 35 years; Mr. Mebane for 30 years; Ms. Nicholson for 26 years; Ms. Bowles for 23 years; Ms. Mason for 18 years; and Ms. Regulus for six years off and on, although Donnelley only credits her for having a few years of service. They worked in a variety of different positions in the company, some permanent, some temporary, and one casual; and they experienced the various aspects of the systemic discrimination against African-Americans at Donnelley, including being laid off when they came close to achieving permanent status, being subjected to racial harassment, being segregated into locker rooms for African Americans, and/or being terminated without being given an opportunity to transfer to another division.

These Plaintiffs have given freely of their time, without complaint, to assist counsel in pursuing this case. Almost all were among the first group of individuals who approached Plaintiffs' counsel to take on a lawsuit against R.R. Donnelley. Many worked with the Rev. Jesse Jackson and Rainbow/PUSH to organize the plaintiffs, engaged in public protests against the Company, and made media appearances on behalf of the class when the lawsuit began and as the litigation continued. From the beginning of the lawsuit to the present, these Plaintiffs have done whatever was necessary to make sure that Plaintiffs' counsel had what they needed to succeed.

**B. Plaintiffs Townsend, Nicholson, Mebane, and Bowles**

Plaintiffs counsel requests Townsend, Nicholson, Mebane, and Bowles receive the highest incentive awards because they expended the most effort and contributed most significantly to this litigation, as detailed below.

Ms. Townsend was one of those individuals who was with this case from the very beginning, and who was of great assistance in organizing and mobilizing the Plaintiffs. Ms. Townsend was the first person Plaintiff's counsel contacted when they had any question regarding conversations that took place around the time of the shutdown, and any attempt to locate, communicate with, or get more information about a Plaintiff or class member. Townsend spoke often with Plaintiffs' counsel, participated in meetings with Rainbow PUSH, and interviewed with the press. She made hundreds of phone calls over the years to class members. She marched with other Plaintiffs in front of the Defendant's offices. She also assisted with discovery, both responses and requests, and was deposed by Defendant's counsel. She spent many hours helping Plaintiffs' counsel prepare for the mediation in this case and was of great assistance.

Mr. Mebane was also with the case from the very beginning, and gave Plaintiffs' counsel many useful documents and much information to assist in the litigation. He spoke often to Plaintiffs' counsel, participated in meetings with Rainbow PUSH, and assisted with communication between the members of the class as well as locating class members. He assisted in discovery and was deposed by Defendant's counsel. He was also interviewed by members of the press about the case, helped raise public awareness about the case, and put a lot of effort into the preparation for the mediation.

Ms. Nicholson also attended Rainbow PUSH meetings regarding the case to help organize the Plaintiffs, was interviewed by television stations and newspapers, and assisted in locating and communicating with other class members, including making many phone calls to class members. She spoke often to Plaintiffs' counsel about the case and discovery. She was deposed by Defendant's counsel, and assisted Plaintiffs' counsel in preparing for the mediation.

Ms. Bowles helped to organize the class by encouraging people to come to Rainbow PUSH meetings and otherwise communicating with the class. She communicated frequently with Plaintiffs' counsel and participated in meetings of class members. She also sat for a deposition by Defendant's counsel, helped raise public awareness regarding the case and the Defendant's actions, and worked very hard to help Plaintiffs' counsel prepare for the mediation.

Based on the above and their outstanding contributions to the Plaintiff class, Plaintiffs request incentive awards of $50,000 for Ms. Townsend, Mr. Mebane, and Ms. Nicholson, and $25,000 for Ms. Bowles

**C. Plaintiffs Collier, Griffin, Jefferson, Smith, Mason, Haynes, and Regulus**

Over the years, like the Plaintiffs referred to above, Mr. Griffin, Mr. Collier, and Mr. Jefferson constantly conferred with Plaintiffs' counsel to assist them in the litigation. Mr. Smith, Ms. Mason, Ms. Haynes, and Mr. Collier helped Plaintiffs' counsel by communicating repeatedly with the hundreds of class members in this case regarding case developments and information required by Plaintiffs' counsel, as well as helping to locate class members who had moved. Mr. Smith, Mr. Griffin, Mr. Jefferson and Mr. Collier were also active participants in regular meetings between class members, including

making sure that class members attended the meetings. Those efforts saved Plaintiffs' counsel countless hours of work and helped them obtain much useful information. Mr. Collier and Mr. Jefferson sat for lengthy depositions by Defendant's counsel, and also assisted Plaintiffs' counsel in the preparation of document requests and interrogatories, as well as responses to Defendant's interrogatories. Towards the end of this case, Ms. Regulus spent many hours assisting counsel in preparing for mediation, and attended the mediation having recent foot surgery.

**D. Established Case Law Supports the Incentive Awards**

All of these Plaintiffs have given whatever time and effort was needed in order to advance the lawsuit. Plaintiffs did whatever the Plaintiffs' counsel asked of them. Due to the significant benefits obtained for the class, the substantial service which they have provided for the benefit of the class, and the time and effort which they have tirelessly given to this case, these Plaintiffs are entitled to an incentive award. *Cook v. Niedert,* 142 F.3d 1004 (7th Cir 1997); *Rusky Family Ltd v. Price Waterhouse,* 2001 U.S. Dist. LEXIS 20397 (N.D. Ill. 2001); *Spicer v. Chicago Bd. Options Exchange,* 844 F. Supp 1226 (N.D.Ill 1993). Incentive awards have been awarded in many cases in recognition of the services provided by certain plaintiffs and to encourage individuals to take on the responsibilities that come with litigation. *Id.* The amount of the monetary awards are based on the amount of time and effort that each Plaintiff has contributed to the success of the case. Significantly, although the incentive awards were described in the class notice, here has been no objection by any class member to these awards. Plaintiffs ask that they be rewarded for their dedication and efforts on behalf of the class.

**E. Conclusion**

WHEREFORE, Plaintiffs respectfully request that this Motion for Incentive Award be granted, including an award of $50,000 for Christine Nicholson, Richard Mebane, and Thelma Townsend; an award of $25,000 for Edith Bowles; an award of $12,500 for Charles Collier and Tom Griffin; an award of $10,000 for Louis Jefferson, Harold Smith, Fannie Mason, and Ertha Haynes; and $5,000 for Tanya Regulus; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Attorney for Plaintiffs

Catherine Caporusso
H. Candace Gorman
GORMAN & CAPORUSSO
542 S. Dearborn, Suite 1060
Chicago, IL 60605
(312) 427-2313