# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7717 | **DATE** | 1/3/2005 |
| **CASE TITLE** | Jones vs. R.R. Donnelley & Sons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the motion of Suzanne Tongring for leave to intervene and also grants in part her petition for fees and reimbursement of expenses. Tongring is to be paid $57,890.30 from the amount that class counsel is holding in escrow from the overall attorney's fees award. Class counsel are entitled to retain the remainder of the amount held in escrow as payment for their own fees and expenses.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 04 2005 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 337 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| OR | courtroom deputy's initials | 2005 JAN -3 PM 4:15 U.S. DISTRICT COURT | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EDITH JONES, et al., )
         Plaintiffs, )
)
vs. ) Case No. 96 C 7717
)
R.R. DONNELLEY & SONS, )
)
         Defendant. )

DOCKETED
JAN 0 4 2005

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Suzanne Tongring[1] has moved to intervene and has filed a petition for attorney's fees and expenses in this recently-terminated case. For the reasons stated below, the Court grants her motion to intervene and grants her fee petition in part.

This case, filed in 1996, involved claims by numerous employees of R.R. Donnelley & Sons that Donnelley had discriminated against them based on their race in violation of 42 U.S.C. § 1981. The case was eventually litigated in tandem with a companion case, *Adams v. R.R. Donnelley & Sons,* No. 98 C 4025, which involved claims by Donnelley employees under Title VII of the Civil Rights Act of 1964. Tongring says she worked on the case from 1996 through the latter part of 1998. She did not work on the case after that and formally withdrew her appearance at a later date.

In 2001, the Court certified several classes of employees. In March 2003, the *Adams*

---

[1] At the time of her participation as counsel in this case, Ms. Tongring was known as Suzanne McCarthy.

case, and a portion of this case, were settled, leaving the remainder of the present case for further litigation. Donnelley took an interlocutory appeal from a ruling, largely favorable to the plaintiffs, on the applicable statute of limitations, and after the Seventh Circuit reversed, the plaintiffs petitioned the Supreme Court for *certiorari,* and the Supreme Court ultimately reinstated this Court's ruling. Following remand of the case, the parties undertook settlement negotiations with a private mediator, and a settlement was reached, which the Court ultimately approved.

The settlement agreement provided for payment by Donnelley of $15 million, inclusive of attorney's fees and expenses. The attorneys for the plaintiff classes petitioned for an award of fees and expenses of $5,000,000, or one-third of the settlement fund. If calculated at their proposed hourly rates, the "lodestar" fee and expense amount would have been $4,756,636. At the final approval hearing, the Court approved a fee and expense award of $5,000,000.

On the date of the final approval hearing, near the conclusion of the colloquy regarding approval, the Court observed Tongring in the courtroom, sitting in the gallery. Aware of her earlier participation in the case, the Court inquired of Tongring whether she had anything she wished to state. Tongring stepped forward and advised the Court that she had, that day, filed a motion to intervene and a petition for attorney's fees and costs. The Court had not seen this document and asked Tongring for a copy, which she provided. The Court inquired whether anyone believed that Tongring's motion and petition impacted the question of approval of the settlement; no one believed that it did. The Court approved the settlement, without any objection from Tongring, including the fee petition of class counsel. After ascertaining the amount sought by Tongring in her petition, the Court directed that class counsel hold $100,000 of the amount

2

the total fee award in escrow so that funds would be readily available to pay Tongring in the event her petition was approved.

Tongring contends she spent 192.75 hours on the case at a claimed hourly rate of $400, for a total of $77,100, and that she contributed expenses of $20,227.80.[2] She seeks a total award of $98,327.80.

A party seeking intervention of right under Fed. R. Civ. P. 24(a), must, in the absence of a statute giving an absolute right to intervene, show that she meets four criteria: timeliness, an interest relating to the subject matter of the main action, potential impairment of that interest if the action is resolved without the intervenor, and lack of adequate representation by existing parties. *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). Tongring easily meets the second, third, and fourth criteria; the only real issue involves the first. "'The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'" *Id.* at 1018 (quoting *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). To determine whether a motion to intervene was timely, a court looks at factors like the length of time the intervenor knew or should have known of her interest in the case, the prejudice caused to the original parties by the delay, the prejudice to the intervenor if the motion is denied, and any other unusual circumstances. *Id.*

Assuming Tongring had a legitimate interest in the case as a potential attorney's fee claimant, she knew this long before she withdrew, and could have taken steps to protect her interest, such as by asking the Court to keep her on the docket so that she would receive notice of

---

[2] Tongring's fee petition originally sought $1,032 for photocopying expenses, but her supporting time and expense records state that the correct amount of $132. *See* Time and Expense Records Referenced in Motion for Leave to Intervene (filed Dec. 10, 2004).

proceedings, or by checking the docket periodically, which even though Tongring is in New York can these days be done with relative ease via the Internet. If Tongring had checked the docket on or after October 18, 2004, she would have seen the following entry reflecting a tentative proposed settlement of the case:

> MINUTE ORDER of 10/14/04 by Hon. Matthew F. Kennelly: Conference held in chambers with defendant's attorney appearing in person and attorney for class plaintiffs appearing by telephone. Counsel report the parties have reached a settlement of the case. Motion for preliminary approval is to be submitted to chambers by the close of business on 10/19/2004. Hearing on motion is set for 1:30 p.m. on 10/20/2004. Telephone conference previously set to 10/24/2004 at 9:00 a.m. is vacated.

And anytime after October 26, 2004, Tongring would have seen the following entry denoting preliminary approval of the proposed settlement:

> MINUTE ORDER of 10/21/04 by Hon. Matthew F. Kennelly : Fairness hearing set to 11/30/04 at 4:30 p.m. (Entered Order Preliminarily Approving Settlement and Notice and Claim form to class members)

Tongring had over a month after the October 21 order was entered to get her fee petition on file, but instead she waited until the day of the fairness hearing to do so, and even then sat silently in the courtroom without making any attempt to advise anyone of what she had filed until the Court asked her directly whether she had anything to say. The Court does not know what exactly Tongring was thinking, or what she would have done had the Court not made inquiry of her. But the fact that she had not provided a copy of her motion and petition to the courtroom deputy or otherwise made it known to the Court suggests that she might have seen some tactical advantage in remaining silent until after the settlement was approved. Whatever the reason, Tongring's conduct was inappropriate. As someone who claims to have been a fiduciary of the class during the time she worked on this case, she owed it to her clients and to the Court to bring

her claim to the attention of the Court and counsel before the fairness hearing began, or at least at the outset of the hearing.

But though Tongring's conduct on the day of the fairness hearing in that regard warrants criticism, it does not require denial of her motion to intervene. No one will be prejudiced, at least not unfairly, if she is allowed to intervene. Specifically, class counsel do not claim that they would have sought or could have obtained a larger allocation of the settlement pot to attorney's fees had they known of the possibility of Tongring filing a fee petition. Under the circumstances, with a delay of only one month and no unfair prejudice, the Court finds Tongring's petition timely and therefore grants intervention.

We therefore proceed to consider her petition for attorney's fees and expenses. Class counsel object that Tongring is not entitled to fees at all, due to her abandonment of the case and the prejudice this allegedly caused to the class members. Abandonment is a fair characterization of Tongring's actions vis-a-vis the present case, but the showing of prejudice to the class members is relatively weak. The primary argument is that Tongring worked mostly on ERISA issues, and that new counsel had to be secured in two other related lawsuits, *Gerlib v. R.R. Donnelley & Sons*, No. 95 C 7401, and *Jefferson v. R.R. Donnelley & Sons*, No. 00 C 8069, to revive those cases. Assuming that is so, the appropriate remedy would have been to limit or deny Tongring compensation in those cases when they were settled, not to deny her compensation in the present case assuming she is otherwise entitled to it.

In an affidavit submitted in support of her claim for fees, Tongring states that she spent 192.75 hours on behalf of the putative class in this case, "doing fact investigation interviewing thousands of Donnelly [sic] employees and reviewing documents produced by Donnelly [sic] to

5

determine categories of discrimination involved in racial slurs and its categorization of employees." Motion for Leave to Intervene, Ex. 1. Tongring's time records, however, do not support the contention that she interviewed numerous Donnelley employees, let alone "thousands" as she claims. There are a relatively modest number of entries, covering a similarly modest number of hours, referring to conversations with Donnelley employees, but nothing that supports the particulars of Tongring's claim in her affidavit.

But that said, Tongring's time records do support the proposition that she did work relating to former employees' claims of race discrimination, not just pension and other ERISA-related matters as class counsel suggest. And there is no indication that any of the work that Tongring did concerning the race discrimination claims had to be redone after she withdrew. The Court therefore rejects the contention of class counsel that Tongring's fee petition should be denied in its entirety.

The more significant objections by class counsel concern what appears to be Tongring's inclusion in her claimed time on this case of time for which she sought and obtained compensation at the time the *Gerlib* case was settled. There was, to be sure, some overlap between the two cases; *Gerlib* involved, among other things, claims of age discrimination against employees of a major Donnelley plant after its shutdown, and *Jones* involved, among other things, race discrimination against employees of the same plant after the same shutdown. But that does not explain or justify what appears to be double-billing by Tongring in a number of instances. Specifically, as class counsel pointed out in their response to Tongring's fee petition (to which they attached the time records Tongring submitted in the *Gerlib* case), the time entries for 12/7/96 (3.0 hours), 12/19/96 (7.0 hours), 12/23/96 (1.5 hours), 12/24/96 (all or part of 4.0

6

hours), 1/9/97 (all or part of two entries of 3.0 hours each), 1/10/97 (0.75 hours), and 3/5/97 (all or part of 3.0 hours), appear to duplicate time entries for which Tongring sought and obtained compensation in *Gerlib*. In her reply, Tongring has not addressed the claim of duplication, other than to state that she "frequently talked to [class counsel Candace] Gorman about all of the cases in the same conversation and involving cross references to documents and pleadings filed in the various cases." Tongring 2d Suppl. at 7. But even were this explanation adequate on its face (it is not), it does not address all of the duplications, some of which did not involve conversations with Gorman.

There are two other problems with Tongring's time records. First, she claims compensation for a telephone conversation with Gorman on 12/24/96 and a conference with Gorman on 12/24/97 (we assume for 0.25 hours each, as her time records do not break down the amount of time spent on each particular activity). Gorman has submitted an affidavit stating that she did not work on Christmas Eve either of those years and thus the conferences could not have occurred. Gorman Aff. ¶ 8. Tongring's response is that she was Gorman's guest during the years in question "to celebrate Christmas Eve." Tongring 2d Suppl. at 7. But that does not explain the alleged phone conference, and in any event incidental discussion of a case at a social occasion does not warrant an award of fees.

Second, Gorman states in her affidavit that evidence regarding race discrimination in connection with the plant shutdown did not surface until October 1996, in connection with document production in the *Gerlib* case. Gorman Aff. ¶ 2. As a result, class counsel argue, Tongring's time entries for 6/12/96 (2.0 hours) and 9/11/96 (0.25 hours) could not have involved the claims in the present case. Tongring's response to this argument is unpersuasive.

7

An attorney has the responsibility to maintain adequate records and submit "reasonable, carefully calculated, and conscientiously measured claims" when seeking an award of attorney's fees. *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980). Tongring's petition, at least with regard to the time entries referenced above, does not meet that standard. The Court will exclude the disputed entries, a total of 28.0 hours, in calculating the fee award to be made to Tongring.[3] The Court finds, however, that the remaining time claimed, a total of 164.75 hours, is properly included as time reasonably spent as counsel for the plaintiffs in this case.

Tongring claims an hourly rate of $400 for the time claimed in this case. Class counsel object, saying the claim is not properly supported. Of the two affidavits Tongring has submitted supporting her claim, one supports that rate in ERISA related matters, and the other also concerns ERISA matters at least in part. And both of them are worded so as to support a claim that Tongring's rate was appropriate at the time each affidavit was signed – October 2003 and December 2004. The relevant question in this case, however, is whether the requested rate was appropriate between 1996 and 1998, when Tongring worked on the present case. Those affidavits do not support such a claim.

On the other hand, there is support for the proposition that in awarding fees in a case of long duration, the Court should award interest, or, as a rougher but sometimes acceptable alternative, use the attorney's current rate to compensate for the lost time value of money. *See In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571 (7th Cir. 1992). The Court opts for

---

[3] Class counsel also object to inclusion of time during which Tongring claims to have spoken with Gorman for which Gorman has no corresponding entries. But it is just as likely that Gorman overlooked it as it is that Tongring improperly included it, so the Court will not make these deductions.

the latter (and simpler) approach here. But because Tongring's use of a $400 per hour rate is not sufficiently supported, the Court will rely on the $350 rate effectively conceded by Gorman in an affidavit she submitted in another case.

For these reasons, the Court will award Tongring compensation for 164.75 hours at a rate of $350 per hour, a total of $57,662.50. Under the common fund approach that the Court employed in awarding fees to class counsel in this case, a fee award to Tongring in excess of this amount would be unwarranted; among other things, Tongring's overall contribution to the ultimate success of the case, in light of her withdrawal at a relatively early stage, was minimal.

Tongring also contends that she contributed two payments of $10,000 to class counsel for litigation costs in connection with the present case, the first in late July 1996 and the second in October 1997. Class counsel object to both amounts.

Gorman says that the July 1996 payment could not have had anything to do with this case, as the evidence of race discrimination was not discovered until more than two months later. Gorman Aff. ¶ 2. Tongring's time records, even considering the two early entries for which the Court has excluded payment, tend to support Gorman's contention; Tongring does not claim to have spent any time on the race discrimination claims anywhere near the date of the payment. By contrast, Tongring's time records from the *Gerlib* case reflect a good deal of work in July and August 1996, suggesting the payment may have been for the *Gerlib* case rather than this one. Without further support for Tongring's contention, the Court has no basis to find that the July 1996 payment was for expenses connected with the present case.

With regard to the purported October 1997 payment, Tongring has submitted no records of any kind – either a check or a bank statement – supporting the claim that she advanced funds.

Gorman states in her affidavit that she has no recollection of receiving such a payment, and that her records for that month and the surrounding months do not reflect the claimed payment. Gorman Aff. ¶ 7. Gorman also says that there would have been no reason for Tongring to contribute funds to the case in October 1997. *Id.* Finally, she states that Tongring was an office tenant of hers at that time, *id.* ¶ 6, which suggests the payment could have been for rent. Under the circumstances, Tongring has failed to support her claim that she made a payment of $10,000 in October 1997 to cover litigation expenses in this case.

The Court rejects, however, class counsel's objection to Tongring's request for reimbursement of photocopying, long distance telephone, and messenger expenses totaling $227.80. These expenses are modest and are not out of proportion to the work documented in Tongring's billing records.

## Conclusion

For the reasons stated above, the Court grants the motion of Suzanne Tongring for leave to intervene and also grants in part her petition for fees and reimbursement of expenses. Tongring is to be paid $57,890.30 from the amount that class counsel is holding in escrow from the overall attorney's fee award. Class counsel are entitled to retain the remainder of the amount held in escrow as payment for their own fees and expenses.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 3, 2005